**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50382 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-01804-LAB-1 |
| JAIME MONZON-SILVA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 22, 2020[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

On January 16, 2018, and while driving northbound, Monzon-Silva was ordered to proceed through secondary inspection at the San Clemente Border Patrol checkpoint. As an agent began the inspection, a transmission on the agent's radio audibly reported that Monzon-Silva was a "wanted fugitive." Immediately after that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transmission aired, Monzon-Silva fled the checkpoint. After a jury trial, he was convicted of high-speed flight from an immigration checkpoint, 18 U.S.C. § 758, which resulted in a sentence of five years of probation. We affirm.

1. The district court did not err in allowing the radio transmission into evidence. The radio transmission was at the very least relevant to Monzon-Silva's motive for fleeing the checkpoint. *See* Fed. R. Evid. 401; *United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982). We reject Monzon-Silva's argument that the probative value of the radio transmission was "substantially outweighed" by its "unfair prejudice." Fed. R. Evid. 403. Exclusion of otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly," *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation omitted), and we review the district court's evidentiary ruling for abuse of discretion, *United States v. Lindsay*, 931 F.3d 852, 859 (9th Cir. 2019). Any potential prejudice here was effectively mitigated by the parties' stipulation on the record that Monzon-Silva was not, in fact, a wanted fugitive, testimony from two witnesses indicating the same, and the district court's limiting instruction that the transmission was relevant only for assessing motive. Moreover, given the ample evidence showing that Monzon-Silva fled the checkpoint at a speed in excess of the legal speed limit—the only contested issue at trial—any error would have been harmless. *See, e.g.*, *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005).

2.     Monzon-Silva next argues that the district court erred in denying his motion for mistrial after one officer briefly testified that the radio transmission suggested Monzon-Silva had "some criminal history." We review a district court's denial of a motion for mistrial for abuse of discretion. *See United States v. Audette*, 923 F.3d 1227, 1241 (9th Cir. 2019). When Monzon-Silva's counsel objected to the testimony, the court sustained the objection, struck the testimony, promptly instructed the jurors to disregard it, confirmed with the jurors that they would do so, and repeated the admonition during the final instructions. Under these circumstances, the district court did not abuse its discretion in denying Monzon-Silva's motion for mistrial.

3.     Because we do not find any error in the district court's rulings, we must reject Monzon-Silva's argument that the district court's alleged cumulative errors deprived him of a fair trial. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004) ("[T]he 'cumulative error' analysis is inapposite to this case. Defendant has failed to demonstrate any erroneous decisions by the trial court.").

**AFFIRMED.**